**FILED**
United States Court of Appeals
Tenth Circuit

**May 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: GREGORY STEWART HUBLER,

    Movant.

No. 08-1127

---

ORDER

---

Before **McCONNELL**, **GORSUCH** and **HOLMES**, Circuit Judges.

---

    For the second time, Gregory Stewart Hubler seeks our authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. Because he again has not made a prima facie showing of either newly discovered evidence of his actual innocence that could not have been discovered previously or an entitlement to relief under any newly recognized and retroactively applied rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2), (3)(C), we deny authorization.

    Mr. Hubler argues that we should grant authorization because he has exhausted his claim that his trial counsel was ineffective for failing to investigate before recommending that he plead guilty to pandering a child. Mr. Hubler asserted this same ineffective-assistance claim in his first habeas petition, but later withdrew it. Also, he asserted this same claim in his first motion to file a second or successive habeas petition. *See Hubler v. Ortiz*, No. 07-1195 (10th Cir.

May 14, 2007) (order denying authorization to file second or successive habeas petition). Because this claim has been presented previously, it shall be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Mr. Hubler's exhaustion of his state-court remedies does not exempt him from § 2244(b). *See Burton v. Stewart*, 549 U.S. 147, ___, 127 S. Ct. 793, 797 (2007) (per curiam).

Mr. Hubler argues that he has new evidence, obtained when part of his record was unsealed, showing that he is actually innocent of pandering a child. His alleged new evidence is that he was not arrested for or charged with pandering. This, however, is information Mr. Hubler knew when he pled guilty, and therefore it cannot be new evidence of actual innocence. *See* 28 U.S.C. § 2244(b)(2)(B)(i).

Lastly, Mr. Hubler argues that his post-conviction counsel was ineffective for failing to remove his mandatory parole. This claim necessarily cannot meet his burden to make a prima facie showing of new facts, because he cannot assert the required constitutional error, as "[t]here is no . . . constitutional right to effective assistance of post-conviction counsel," *Anderson v. Sirmons*, 476 F.3d 1131, 1141 n.9 (10th Cir. 2007). *See* 28 U.S.C. § 2244(b)(2)(B)(ii).

Accordingly, we DENY authorization. This denial of authorization is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk